**Baljit SINGH, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 13–72676.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2015.*

Filed Nov. 25, 2015.

Elias Z. Shamieh, Law Offices of Shamieh and Ternieden, San Francisco, CA, for Petitioner.

OIL, Brooke Maurer, Trial, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

MEMORANDUM **

Baljit Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen. *Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir.2008). We deny the petition for review.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The BIA did not abuse its discretion in denying Singh's motion to reopen because it was filed more than four years after his order of removal became final, *see* 8 C.F.R. § 1003.2(c)(2), and Singh failed to establish materially changed circumstances in India as to qualify for the regulatory exception to the time limitation for motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi v. Holder,* 597 F.3d 983, 987–90 (9th Cir.2010) (evidence must be "qualitatively different" to warrant reopening); *see also Toufighi,* 538 F.3d at 996–97 (evidence was immaterial in light of prior adverse credibility determination); *Go v. Holder,* 744 F.3d 604, 609 (9th Cir.2014) (holding that "the procedural requirements specified in 8 C.F.R. § 1003.2(c) apply to CAT claims").

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.